# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

OWEN RAY GADD                                               PLAINTIFF

v.                                         CIVIL ACTION NO. 3:17CV-P785-CRS

JIM ERWIN *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Owen Ray Gadd's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Little Sandy Correctional Complex. He brings this action under 42 U.S.C. § 1983 complaining of events occurring during his detention at the Kentucky State Reformatory (KSR). He sues the following Defendants in their official capacities: (1) Kentucky Department of Corrections (KDOC) Commissioner Jim Erwin; (2) KSR Warden Aaron Smith; (3) KSR Grievance Coordinator Casey Dowden; (4) KSR Mailroom Clerk David Airington; (5) KSR Mailroom Clerk Jennifer Parks; (6) KSR Deputy Warden Anna Valentine; (7) KSR Administrative Section Supervisor Philip Campbell; and (8) John Dunn, who Plaintiff identifies as the State Grievance Coordinator.

In the complaint, Plaintiff alleges that "twice the [KSR] staff of the mail room have mishandled my legal mail." The first episode occurred in June 2017. Plaintiff claims, "I could have had my Federal Habeas Corpus dismissed because my legal mail was with held from me for 28 days. I had at most 14 days to prepare and submit a reply Motion." He indicates that the

withheld mail "was a timeless Motion from Warden Aaron Smith, represented by Assistant Attorney General, Jason B. Moore, Commonwealth of Kentucky."  Plaintiff further indicates that the "legal mail" had been mailed on June 2, 2017; that on June 28, 2017, he "received a letter from [Defendant] Dowden . . . stating she had my legal mail as well as a court CD"; and that on June 30, 2017, Defendant Dowden handed him his "legal mail" that "was not in an envelope [and] had been opened out of my presents[.]"[1]

Plaintiff reports filing a grievance regarding the foregoing matter but that Defendant Dowden stated the grievance was dismissed because Plaintiff did not ask for any action.  Plaintiff reports, however, that on August 7, 2017, Defendant Valentine provided a response; that on August 9, 2017, Defendant Campbell provided a response; that Plaintiff filed an appeal to Defendant Erwin; and that on August 18, 2017, Defendant Dunn answered the appeal.

As the second episode involving his mail, Plaintiff reports an incident occurring in October 2013.  He states:

> [My] legal mail was mailed to me by a sheriff.  This legal mail was also opened by the same legal mail/mailroom staff that mishandled the timeless Motion.  My legal mail in that situation was sent to my dorm opened in general population mail, that had not been opened in my presents.  This matter was also grieved and appealed to the Commissioner, this grievance was filed on October 29, 2013.  This grievance was exhausted all the way to the Commissioner.[2]

---

[1] To the complaint, Plaintiff attaches an affidavit of Defendant Dowden, wherein she averred:

> I . . . received a package in my institutional mailbox for Inmate Owen Gadd #190417.  Inside was a legal motion from what appears to be the Assistant Attorney Generals' office that also had a DVD in it marked "GADD v. SMITH Appendix Documents".  I received it in my mailbox on  June 26th or 27th.  I sent him a notice telling him I received it and he came to my office and picked it up on the 30th.  The paperwork was dated for June 2, 2017.

[2] In his October 2013 grievance, Plaintiff stated his problem as follows:  "Two times I've had legal mail sent to my dorm in Regular Inmate Mail call, maild once on October - 08 - 2013, then again Monday October - 21 - 2013 on Oct 08 - 2013 my transcript of my trial, on Oct - 21 - 2013 I got a letter from the Garrard County Sheriffs Office."

As relief, Plaintiff seeks monetary and punitive damages.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

3

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers and employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages against Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief. Dismissal of the complaint, therefore, is warranted.

Under Rule 15(a), however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). For the reasons that follow, the Court finds that any amendment suing Defendants in their individual capacities would be futile.

### B. Individual-Capacity Claims

### 1. October 2013 Mail Mishandling

Plaintiff alleges that in October 2013, two pieces of purported legal mail were opened in "general population mail" outside of his presence.

Section 1983 does not contain its own statute-of-limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). In other words, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183.

While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. at 215; *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Plaintiff makes no allegation that he did not know of his purported injuries at the time they occurred in October 2013. While the statute of limitations is tolled during the time in which administrative remedies are being exhausted, *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Plaintiff attaches his grievance and all appeals through to the final step to the KDOC Commissioner. *See Tester v. Hurm*, No. 09-CV-90-JBC, 2009 WL 1424009, at *3 (E.D. Ky. May 20, 2009) ("[T]he general grievance procedures and forms require four steps in Kentucky's administrative process: (1) a grievance to the grievance coordinator, who will try to reach an informal resolution; (2) review by a committee; (3) an appeal to the warden; and (4) an appeal to the DOC Commissioner.") (citing Corrections Policies and Procedures 14.6). The Commissioner's Review is dated March 20, 2014. Thus, the statute of limitations began to run on that date and ended one year later on March 20, 2015. Because Plaintiff did not file his complaint until December 20, 2017,[3] his § 1983 claims regarding the October 2013 mail incidents are time-barred and will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

---

[3] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on December 20, 2017.

### 2. *June 2017 Mail Mishandling*

#### a. *Defendants Smith, Valentine, Campbell, Erwin, and Dunn*

To the extent Plaintiff seeks to hold Defendants Smith, Valentine, Campbell, Erwin, and Dunn responsible based on their supervisory positions, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Further, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee*, 199 F.3d at 300). A plaintiff's claim is against the subjects of his grievances, not those who merely

decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Plaintiff mentions Defendants Smith, Valentine, Campbell, Erwin, and Dunn with respect to their involvement in his grievances. He, therefore, fails to state a claim upon which relief may be granted against them in their individual capacities.

### b. *Defendants Airington, Parks, and Dowden*

Plaintiff does not mention Defendant Airington or Parks by name in his statement of his claims. While the Court has a duty to construe *pro se* complaints liberally, a plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). As Plaintiff has alleged no facts indicating Defendant Airington's or Parks's involvement in the mishandling of his legal mail, he fails to state a claim against those two

Defendants. Even presuming Defendants Airington and Parks are the "staff of the mail room [that] have mishandled [Plaintiff's] legal mail," he still fails to state a constitutional claim against them for the same reasons that he fails to state a claim against Defendant Dowden as set forth below.

First, Plaintiff does not allege routine opening or interference with his mail and, therefore, fails to state a claim of constitutional proportions. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington,* No. 4:11CV–P128–M, 2001 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail-one of the outgoing motion and one of his incoming piece of legal mail-the Court still finds that the two incidences taken together do not rise to a constitutional violation."); *Pearson v. Simms*, 345 F.

Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

Second, Plaintiff fails to state a claim that his constitutional right of access to the courts has been violated. To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353).

Plaintiff claims, "I could have had my Federal Habeas Corpus dismissed because my legal mail was with held from me for 28 days. I had at most 14 days to prepare and submit a reply Motion." Despite the delay in receipt of his mail, Plaintiff fails to allege any actual injury as he fails to allege that any non-frivolous claim has been lost or rejected or that any non-frivolous, pending claim is unable to be presented. In fact, review of Plaintiff's federal habeas action filed in the Eastern District of Kentucky confirms that his habeas petition was not

11

dismissed due to his failure to file a timely reply but was dismissed for failure to file a timely habeas petition. *See Gadd v. Smith*, 5:17-cv-00057-WOB-HAI (Order entered Oct. 13, 2017, overruling petitioner's objections; adopting magistrate judge's report and recommendation; dismissing habeas petition as untimely; and denying a certificate of appealability). Therefore, any denial-of-access-to-courts claim he may be trying to assert fails.

For all the foregoing reasons, the Court will dismiss this action by separate Order.

Date: June 5, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005